UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.

PEDRO GUILLEN,
      Plaintiff,

v.

GLASSHOUSE COCONUT GROVE, LLC;
GROVE BAY HOSPITALITY GROUP, LLC;
FRANCESCO BALLI and IGNACIO
GARCIA-MENOCAL, individuals,
      Defendants.
_____/

## COMPLAINT

Plaintiff, PEDRO GUILLEN, (hereinafter referred to as "Plaintiff"), by and through his undersigned attorney, files this Complaint against Defendants, GLASSHOUSE COCONUT GROVE, LLC, GROVE BAY HOSPITALITY GROUP, LLC, FRANCESCO BALLI and IGNACIO GARCIA-MENOCAL, individuals; and states as follows:

### PARTIES, VENUE, and JURISDICTION

1. This is an action to recover unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq, (hereinafter "FLSA") and breach of contract for unpaid commissions.

2. The court has jurisdiction based on 29 U. S.C. §216(b) and 28 U.S.C. § 1337 for the state law claims.

3. Defendant GLASSHOUSE COCONUT GROVE LLC ("Glasshouse") is a Florida limited liability company. Defendant GROVE BAY HOSPITALITY GROUP, LLC ("Grove Bay") is a Florida limited liability company. Glasshouse is the name on the

checks received by Plaintiff. Grove Bay takes credit for operating the restaurant Glass and Vine where Plaintiff worked. The corporate Defendants are joint employers of Plaintiff due to the intermingled nature of how they run the restaurant Glass and Vine. The two defendants are virtually indistinguishable from one another and are equally responsible for Plaintiff's wages, job duties, management, and the allegations in this complaint. By way of jointly operating this business, Defendants are both engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s). Defendants have two or more employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce. Defendants have gross revenue over $500,000 for the years 2017 and 2018.

4. The corporate Defendants are covered by the FLSA as enterprises engaged in interstate commerce.

5. The Individual Defendants managed and/or operated Glass and Vine and/or regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and controls the finances and operations of the restaurant. Mr. Balli and Mr. Menocal were in charge of Plaintiff's pay, job duties, and work hours. By virtue of such control and authority, Mr. Balli and Mr. Menocal were employers of Plaintiff as such is defined by 29 U.S.C. §203(d) and are personally liable for the allegations and damages of this Complaint.

6. Plaintiff was an employee of all Defendants. He worked for and was paid by Defendants.

7. At all times material, Plaintiff was and is a resident of Miami-Dade County, FL.

8. This Court has jurisdiction over the Defendants because they engage in substantial

business activity within the District, Plaintiff was employed in the District, and all of the allegations in this Complaint occurred in the District.

9. Venue is proper due to the unlawful employment practices alleged occurring in the county of Miami-Dade.

## FACTS

10. Plaintiff was hired by Defendants as a server, beginning his employment on or about November 22, 2017.  He later added the title of event coordinator, host and business development manager.  His employment ended on or about April 7, 2018.

11. Plaintiff was not in charge of other employees.  He did not have the power to direct other employees, hire or fire them, dispense discipline/commendation, or handle any financial matters.

12. Plaintiff's job duties include waiting on and serving restaurant customers and organizing events. He does not have the power to bind the company in any way.

13. Plaintiff's job does not qualify for any FLSA exemption.

14. Plaintiff was originally paid as a waiter making the minimum wage less a tip credit. In 2017 the minimum wage was $8.10.  In 2018, the minimum wage is $8.25.  The tip credit for both years was/is $3.02 per hour.

15. On or about 12/18/17, Defendants agreed to pay Plaintiff $14 per hour for coordinating events as well as a 2% commission on those events.  On 1/29/18, they agreed to pay him $15 per hour.

16. Defendants failed to pay Plaintiff his new coordinator rate of $15 per hour for 3 weeks.

17. Defendants failed to account for several hours of event coordinator and waiter work each week.  Due to Plaintiff regularly working more than 40 hours per week, much of this

should have been paid as overtime.

18. Plaintiff kept records of his hours.  The unaccounted for hours are as follows:

   a. **Week of 12/18-12/31:**
      i. 11.02 hours at $14
      ii. 9 hours at $8.10
      iii. 20.02 overtime hours
   b. **Week of 01/01-01/07:**
      i. 17.77 hours at $14
      ii. 0 hours at $8.25
      iii. 8 overtime hours
   c. **Week of 01/08-01/14:**
      i. 10.23 hours at $14
      ii. 0 hours at $8.25
      iii. 8 overtime hours
   d. **Week of 01/15-01/21:** Accurate
   e. **Week of 01/22-01/28:**
      i. 2.67 hours at $14
      ii. 6.33 hours at $8.25
      iii. 9 overtime hours
   f. **Week of 01/29 - 02/04:**
      i. 7.87 hours at $15 (was paid at $14)
      ii. .13 hours at $8.25
      iii. 8 overtime hours
   g. **Week of 02/05 - 02/11:**
      i. 10.38 hours at $15 (was paid at $14)
      ii. 0 hours at $8.25
      iii. 8 overtime hours
   h. **Week of 02/26 - 03/04:**
      i. 0 hours at $15
      ii. 7 hours at $8.25
      iii. 7 overtime hours
   i. **Week of 03/05 - 03/11:**
      i. 26.40 hours at $15
      ii. 0 hours at $8.25
      iii. 8 overtime hours
   j. **Week of 03/12 - 03/18:**
      i. 9.48 hours at $15
      ii. 0 hours at 8.25
      iii. 7 overtime hours

    k. **Week of 03/19 - 03/25:**
        i. 22.6 hours at $15
        ii. 0 hours at $8.25
        iii. 12 overtime hours
    l. **Week of 03/26 – 04/01:**
        i. 1.77 overtime hours paid incorrectly

19. When an employee works multiple jobs for an employer at different hourly rates, their overtime rate should be calculated by using a combination of those rates called a blended rate. Due to raises and a change in Florida's minimum wage, this results in multiple rates over the weeks Plaintiff worked.

20. Additionally, Defendants failed to pay Plaintiff all of his commissions due, including those finalized before his termination.

21. Defendants did not have a written agreement with Plaintiff regarding his commissions. There were no stipulations agreed to that would prohibit Plaintiff from receiving any of his commissions upon termination.

22. Upon Plaintiff's termination, Defendants attempted to limit Plaintiff's earned commissions via email. This email modification is not binding as Plaintiff did not agree to it and it was made after his employment had ended.

23. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages in conformance with the FLSA and Florida law and are liable for monetary damages.

24. Records of the number of hours worked each week by Plaintiff are required to be in possession of Defendants. However, Defendants did not accurately record the hours worked by Plaintiff thus Defendants are not likely able to produce an accurate account of the hours actually worked by Plaintiff.

25. In determining their payment policies, specifically deciding not to pay a blended overtime rate to Plaintiff, Defendants did not consult an attorney.

26. In determining their payment policies, specifically deciding not to pay a blended overtime rate to Plaintiff, Defendants did not consult an accountant.

27. By intentionally failing to properly determine the overtime laws that apply to Plaintiff, Defendants have shown reckless disregard for the FLSA.  Due to this, Defendants are liable for an additional equal amount of damages to Plaintiff in the form of liquidated damages.

28. Plaintiff has hired the undersigned attorney and law firm to represent him in this matter and is obligated to pay attorney's fees.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 (FAILURE TO PAY OVERTIME) AGAINST ALL DEFENDANTS

29. Plaintiff repeats and realleges Paragraphs 1 through 28 as if fully set forth herein.

30. At all times relevant, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C.

31. During his employment, Plaintiff worked in excess of forty (40) hours per week for which he was not compensated at the statutory rate of 1.5x his regular rate of pay for all hours worked.

32. Plaintiff was entitled to be paid at the rate of 1.5x his regular rate of pay for all his hours worked in excess of the maximum hours (40 hours) as he is entitled under the FLSA.

33. Defendants failed to pay overtime wages to Plaintiff for his hours worked in excess of forty hours per week.

34. By failing to compensate Plaintiff at a rate of not less than 1.5x his regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the

FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and §215(a).

35. By failing to record, report, and/or preserve records of hours worked by Plaintiff, Defendants have failed in their duty as an employer prescribed under the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 211(c) and § 215(a).

36. Defendants' conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

37. Defendants owe the Plaintiff for the hours worked in excess of 40 hours in a workweek at a rate of not less than 1.5x his regular rate of pay for each of those hours.

38. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

39. Due to Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages.

40. Defendants knowingly and willfully failed to pay Plaintiff 1.5x his regular rate of pay for all hours worked in excess of forty (40) per week.  Accordingly, Plaintiff has suffered damages for unpaid overtime wages, plus an equal amount in liquidated damages, costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants as follows:

A. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

B. Awarding Plaintiff overtime compensation;

C. Awarding Plaintiff liquidated damages;

D. Awarding Plaintiff reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b); and

E. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II
### BREACH OF CONTRACT (FAILURE TO PAY WAGES)
### AGAINST DEFENDANTS GLASSDOOR AND GROVE BAY

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 above as if set out in full herein.

42. Defendants, agreed to pay Plaintiff wages for his work. This included a minimum wage for waiting tables and $14, increasing to $15, per hour to be an event coordinator.

43. By working for these wages, Plaintiff and Defendants have entered into a contract.

44. Plaintiff has fully performed his duties in this contract by working hours for Defendants.

45. Defendants breached this contract by failing to pay Plaintiff for all hours worked.

46. Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants as follows:

A. Awarding Plaintiff all unpaid wages;

B. Awarding Plaintiff pre-judgment interest on those wages,

C. Awarding Plaintiff attorney's fees and costs under Florida Statute 448.08, and

D. for any and all other relief that this Court may deem just and proper.

## COUNT III
### BREACH OF CONTRACT (FAILURE TO PAY COMMISSION WAGES)
### AGAINST DEFENDANTS GLASSDOOR AND GROVE BAY

47. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 above as if set out in full herein.

48. Defendants agreed to pay Plaintiff commissions for events coordinated. These commissions were to be paid at a rate of 2% of the event.

49. Plaintiff was paid for some of these events, but not all events coordinated and planned by

Plaintiff.

50. Plaintiff and Defendants entered into an oral contract setting these terms.

51. Plaintiff has fully performed his duties in this contract by coordinating events for Defendants.

52. Defendants breached this contract by failing to pay Plaintiff his earned commissions on these events.

53. Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants as follows:

E. Awarding Plaintiff all unpaid commissions;

F. Awarding Plaintiff pre-judgment interest on those commissions,

G. Awarding Plaintiff attorney's fees and costs under Florida Statute 448.08, and

H. for any and all other relief that this Court may deem just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: 5/16/2018.

Respectfully submitted,

   /s/ R. Edward Rosenberg
R. Edward Rosenberg, Esquire
Fla. Bar No.: 88231
Sorondo Rosenberg Legal PA
1825 Ponce de Leon Blvd. #329
Coral Gables, FL 33134
E: rer@sorondorosenberg.com
T: 786.708.7550
F: 786.204.0844

Attorney for Plaintiff